UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>*Hager*, 7:20cv91459 | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

### ORDER

Plaintiff James Allen Hager submitted a Request for Transition to the 3M MDL Docket on May 21, 2020.  *See* ECF No. 2.  His case was then transitioned from the administrative docket to the 3M MDL docket on May 22, 2020.  *See* ECF No. 3.  By June 1, 2020, Mr. Hager was required to pay a filing fee, serve his Short Form Complaint on Defendants, and file a Notice of Designated Forum, and his counsel was also required to seek *pro hac vice* admission.  *See* ECF No. 3; *see also* Case No. 3:19md2885, Pretrial Order No. 22, ECF No. 898 at ¶ 9.  On June 8, 2020, the Court *sua sponte* extended the deadline for Mr. Hager to pay his filing fee and file his Notice of Designated Forum to June 15, 2020.  *See* ECF No. 4.  Mr. Hager and his counsel were warned that failure to timely comply within the applicable deadlines would result in dismissal.  On June 18, 2020, the Court again *sua sponte* extended the deadline to June 28, 2020 for Mr. Hager to pay his filing fee, file his Notice of Designated Forum, and serve his Short Form Complaint on Defendants.  The Court

also extended the deadline for Mr. Hager's counsel to file a motion for *pro hac vice* admission to June 28, 2020.  *See* ECF No. 5.  Mr. Hager and his counsel were once again warned that failure to timely comply within the applicable deadlines would result in dismissal.  To date, no filing fee has been paid, and no Notice of Designated Forum, proof of service of Mr. Hager's Short Form Complaint, and motion for *pro hac vice* has been filed in this case.

Rules 16(f) and 37(b)(2)(A)(ii)-(vii) of the Federal Rules of Civil Procedure authorize a court to sanction a party, up to and including dismissal of a case, for failing to comply with pretrial orders.  This authority has particular significance in the MDL context.  An MDL judge bears the "enormous" task of "mov[ing] thousands of cases toward resolution on the merits while at the same time respecting their individuality."  *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006).  To carry out this task in an organized and efficient manner, an MDL court must define and strictly adhere to case management rules.  *See id.* at 1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."); *see also* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding").  In turn, counsel must collaborate with the court "in fashioning workable programmatic

procedures" and cooperate with those procedures thereafter. *Id*. at 1231-32. Pretrial orders—and the parties' compliance with those orders and their deadlines— "are the engine that drives disposition on the merits." *Id*. at 1232. "A [court's] willingness to resort to sanctions in the event of noncompliance can ensure that that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation." *In re Cook Medical, Inc. Pelvic Repair Sys. Prof. Liab. Litig*., 2018 WL 4698953, at *2 (S.D. W. Va. Sept. 28, 2018) (citing *Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively. This necessarily includes the power to dismiss cases where litigants do not follow the court's orders.")).

The Court concludes that dismissal with prejudice is appropriate in this case. Mr. Hager has thrice disregarded the Court's orders as to the payment of a filing fee and filing of a Notice of Designated Forum, even after he was warned that failure to comply with the orders would result in dismissal of his claim. Mr. Hager also twice disregarded the Court's orders on serving his Short Form Complaint, and his counsel disregarded the Court's orders to file a motion to appear *pro hac vice*. He never sought an extension of the deadlines for compliance or otherwise offered an explanation for his inaction. This sort of noncompliance is unacceptable in any case, but particularly so in the MDL context—when parties fail to comply with deadlines

set in pretrial orders, a domino effect develops, resulting in the disruption of other MDL cases. Indeed, the Court has already had to evaluate and dispose of a significant number of other similar instances of noncompliance, thereby directing its time and resources to noncompliant plaintiffs at the expense of plaintiffs who are fully participating in the MDL. This disrupts the efficiency and fairness objectives of the MDL process. In light of Mr. Hager and his counsel's failure to communicate with the Court and comply with court orders, the Court finds that dismissal with prejudice is appropriate.

1. Plaintiff James Allen Hager's case is hereby **DISMISSED WITH PREJUDICE** for failure to comply with Court orders.

2. The Clerk is directed to close this case in its entirety for all purposes.

**DONE AND ORDERED**, on this 7th day of July, 2020.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**